MURGUIA, Circuit Judge,
dissenting:
I disagree with the majority’s conclusion that the California Court of Appeal found state and federal constitutional error. I would hold that the California Court of Appeal determined that Williams’s state and federal constitutional rights were not violated. I would further hold that this was not an unreasonable application of clearly established federal law.
I.
Under California law, a defendant’s right to a fair and impartial jury can be violated when there is an objective, substantial likelihood of juror bias. See People v. Ramos, 34 Cal.4th 494, 21 Cal.Rptr.3d 575, 101 P.3d 478, 497 (2004). The court of appeal’s decision reads as follows:
According to Williams, the court’s misstatement was error insofar as it undercut his rights to a fair and impartial jury that was correctly instructed on the burden of proof. He contends that despite these steps, the court’s error could not be cured because, viewed objectively, it was so prejudicial that it was inherently and substantially likely to have influenced a juror. (See People v. Ramos (2004) 34 Cal.4th 494, 519 [21 Cal.Rptr.3d 575, 101 P.3d 478].) We agree that error occurred, but conclude it was cured and was therefore harmless under the circumstances.
The one juror who was biased due to the court’s error was removed. Even though the error obviously affected that juror, we do not believe, when the record is viewed as a whole, that the error was inherently and substantially prejudicial on an objective basis.
The court of appeal finally concluded that “[ujnder well-established principles of harmless error concerning trial court instructional misstatements, we hold that the error was cured,” citing three jury instruction misstatement cases where, despite the trial court making a misstatement while instructing the jury, the court of appeal ultimately concluded that the misstatement was harmless and did not rise to the level of a constitutional violation. See People v. Robinson, 37 Cal.4th 592, 36 Cal.Rptr.3d 760, 124 P.3d 363, 396 n. 24 (2005) (harmless error where trial court mistakenly told the prospective jurors that “race is not to be considered until reaching the penalty” but later properly and repeatedly told the jury that race had no place in its decision-making process) (emphasis in original); People v. Box, 23 Cal.4th 1153, 99 Cal.Rptr.2d 69, 5 P.3d 130, 169 (2000) (harmless error where trial court misspoke while instructing jury but gave jury correct written instructions).
It is clear from the court of appeal’s decision that it did not find constitutional error because, as in each of the cases it cited, the trial court’s error was harmless and did not rise to the level of a constitutional violation. We then presume that the court of appeal also held that the trial court’s misstatement was not a federal constitutional violation. See Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1094-96, 185 L.Ed.2d 105 (2013) (holding that even where a state court does not separately discuss a federal claim there is a presumption that the state court adjudicated the federal claim on the merits). We review this adjudication of the merits of Williams’s claim — that the trial court’s misstatement that Williams had pled guilty did not violate Williams’s Sixth and Fourteenth Amendment rights — under AED-PA. See 28 U.S.C. § 2254(d).
*511 II.
In my view, the California Court of Appeal’s conclusion that Williams’s federal constitutional right to an impartial jury was not violated was not unreasonable. See 28 U.S.C. § 2254(d)(1) (“An application for a writ of habeas corpus ... shall not be granted ... unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law”). There is no per se rule that it is a constitutional violation when a trial court makes a statement like the regrettable statement made in this case. A trial court that realizes that it has made a misstatement of this nature has two options: first, declare a mistrial, or second, try to cure the error rather than begin the trial anew. The trial court here decided to take the latter approach and went to great lengths to cure its misstatement. After the jury brought the trial court’s misstatement to its attention, the trial court repeatedly and emphatically acknowledged its error before the jury, twice instructed the jury correctly on the presumption of innocence and the state’s burden of proof, repeatedly questioned the jurors about whether they remained confused about the presumption of innocence and the state’s burden, and polled the jurors on whether they harbored any doubts as to their ability to fairly deliberate. I disagree with the majority that the trial court’s second curative instruction operated as a rebuke that silenced the jurors.
In my view, because no other jurors came forward, a fairminded jurist could conclude that the trial court’s measures were sufficient to cure its misstatement. Therefore, the California Court of Appeal’s decision that Williams’s Sixth and Fourteenth Amendment rights were not violated was not unreasonable, and we do not reach prejudice under Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Accordingly, I respectfully dissent.